<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| VERNELL L. STATEN, | : | Civ. No. 19-19218 (RMB) |
| Petitioner | : | |
| v. | : | **OPINION** |
| DAVID ORTIZ, | : | |
| Respondent | : | |

Bumb, United States District Judge

Petitioner is a prisoner confined in the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. (Pet., Dkt. No. 1.) On October 21, 2019, he filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, asserting he is actually innocent of violating 18 U.S.C. 924(c), pursuant to the Supreme Court decision in <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019). (Petr's Mem., Dkt. No. 1 at 9.) This matter comes before the Court upon Respondent's motion to dismiss the petition (Mot. to Dismiss, Dkt. No. 6), Petitioner's motion to compel under 28 U.S.C. § 9 (Mot. to Compel, Dkt. No. 7) and Petitioner's motion to overturn DHO finding. (Mot. to Overturn DHO Finding, Dkt. No. 9.) For the reasons set forth below, the Court will grant Respondent's motion to dismiss and transfer the petition to the Seventh Circuit Court of Appeals under 28 U.S.C. § 1631, deny Petitioner's motion to

compel, and direct the Clerk to file Petitioner's motion to overturn DHO hearing as a petition in a new action under 28 U.S.C. § 2241.

I. BACKGROUND

    A. <u>Petitioner's Conviction and Sentence</u>

In his petition for writ of habeas corpus under 28 U.S.C. § 2241, Petitioner is challenging his 117-month term of imprisonment imposed by the United States District Court, Eastern District of Wisconsin on November 18, 2013 for violation of 18 U.S.C. § 924(c). (Pet. ¶¶1-5, Dkt. No. 1.) <u>See</u> <u>United States v. Rutledge et al.</u>, Criminal No. 13-cr-222-WCG-2 (E.D. Wi.) ("<u>Staten</u>, 13-cr-222 (E.D. Wi.)").[1] On November 12, 2013, a federal grand jury charged Petitioner with a robbery that involved threats of violence, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). <u>Id.</u> (Indictment, Dkt. No. 1.) Petitioner pleaded guilty to Count Two, violation of 18 U.S.C. § 1951(a), and Count Three, brandishing a firearm during the crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). <u>Id.</u> (Plea Agreement,

---

[1] Available at www.PACER.gov. The Court takes judicial notice of the dockets in Petitioner's related criminal and civil actions in the Eastern District of Wisconsin and the Seventh Circuit Court of Appeals. <u>See</u> Federal Rule of Evidence 201(b)(2) ("[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.)

2

Dkt. No. 31.) In exchange, the Government agreed to move to dismiss Count One of the Indictment Staten, 13-cr-222 (E.D. Wi.) (Plea Agreement, Dkt. No. 31.) On March 11, 2016, the sentencing court granted the Government's motion to dismiss Count One and sentenced Petitioner on Counts Two and Three. Id. (Judgment, Dkt. No. 64.) The sentencing court imposed a total term of 117 months imprisonment. Id.

On June 27, 2016, Petitioner filed his first motion to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Wisconsin. Id. (2255 Mot., Dkt. No. 67). This caused the sentencing court to open a new civil action, Staten v. United States, 16-cv-810 (E.D. Wi.) ("Staten, 16-cv-810").[2] Petitioner argued that the Supreme Court opinion in Johnson v. United States, 35 S. Ct. 2251 (2015), rendered his sentence unconstitutional. Id. (2255 Mot., Dkt. No. 1.) This motion was denied by the sentencing court on July 5, 2016. Id. (Judgment, Dkt. No. 3.)

On July 15, 2019, Petitioner filed a second motion under 28 U.S.C. § 2255 in the sentencing court, arguing that he was entitled to a new sentencing under Davis. This caused the sentencing court to open a second civil action under § 2255. See Staten v. United States, 19-cv-01007 (E.D. Wi. July 15, 2019) ("Staten, 19-cv-01007 (E.D. Wi.)") (2255 Mot., Dkt. No. 1).[3] On July 22, 2019, the

---

[2] Available at www.pacer.gov.
[3] Available at www.pacer.gov.

3

sentencing court dismissed the second motion under § 2255 because Petitioner failed to obtain authorization for a second motion from the Seventh Circuit Court of Appeals. Staten, 19cv01007 (E.D. Wi.) (Order, Dkt. No. 3.) Petitioner attempted to appeal that decision to the Seventh Circuit. See Staten v. United States, 19-2640 (7th Cir. Sept. 6, 2019) (Pro Se Motion, Dkt. No. 2.)[4] On October 25, 2019, the Seventh Circuit dismissed Petitioner's appeal for failure to comply with Circuit Rule 3(c), requiring the filing of a Docketing Statement. Id. (Order, Dkt. No. 10.)

On October 21, 2019, Petitioner filed his petition under 28 U.S.C. § 2241 in this Court. Petitioner makes the identical argument that he made in his second 2255 Motion, that Davis, a new and retroactive rule of constitutional law, renders his § 924(c) conviction void.

B.   The Petition

Petitioner seeks relief under § 2241 because the Supreme Court, in United States v. Davis, 139 S. Ct. 2319 (2019), held that the residual clause of 18 U.S.C. ¶ 924(c) is unconstitutionally vague and this change in law is retroactively applicable on collateral review. (Petr's Mem., Dkt. No. 1 at 9.)

---

[4] Available at www.pacer.gov.

4

C.  **Respondent's Motion to Dismiss**

Respondent brings a facial attack to the Court's jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (Respt's Brief in Supp. of Mot. to Dismiss, Dkt. No. 6-2.) Respondents argues that because Petitioner has a path to relief under § 2255(h)(2), he cannot assert jurisdiction under § 2241 through the safety valve of § 2255(e). (Dkt. No. 6-2 at 10.)

D.  **Petitioner's Motion to Compel**

Petitioner acknowledges that in October 2019, he filed a Notice of Appeal in the Seventh Circuit Court of Appeals over the Eastern District of Wisconsin's dismissal of his second § 2255 motion on procedural grounds but his appeal was ultimately dismissed. (Mot. to Compel, Dkt. No. 7 at 1.) Petitioner claims that this Court has jurisdiction over his Davis claim because he was convicted of a law that was declared unconstitutionally vague in a decision that is retroactively applicable. (Id. at 2.) Petitioner cites to "28 U.S.C. § 9," which does not presently exist, as providing authority for relief from this Court on his Davis claim.

The Court believes Petitioner is referring to Article 1, Section 9 of the U.S. Constitution, the Suspension Clause. In 1996, the Supreme Court held,

> [t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus

5

> practice "abuse of the writ." In *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), we said that "the doctrine of abuse of the writ refers to a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." *Id.*, at 489, 111 S.Ct., at 1467. The added restrictions which the Act [AEDPA] places on second habeas petitions are well within the compass of this evolutionary process, and we hold that they do not amount to a "suspension" of the writ contrary to Article I, § 9.

Felker v. Turpin, 518 U.S. 651, 664 (1996). Insofar as Petitioner is seeking to challenge the limitations on second or successive petitions under 28 U.S.C. 2255, the Supreme Court held that the restrictions on second habeas petitions in AEDPA did not violate the Suspension Clause. Id. Therefore, the Court will deny what the Court construes as Petitioner's motion to compel jurisdiction over his petition based on the Suspension Clause.

II. DISCUSSION

    A.   Standard of Law

Generally, in deciding a Rule 12(b)(1) motion, courts review "'whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" Kalick v. United States, 35 F.Supp.3d 639, 644 (D.N.J. 2014) (quoting Licata v. United States Postal Serv., 33 F.3d 259, 260 (3d Cir. 1994)). A court may, however, consider publicly filed documents that show, even if true, the petitioner's allegations "do not set forth a claim that is within this Court's

6

jurisdiction." See e.g., Spataro v. Hollingsworth, Civ. No. 15-1736, 2016 WL 3951327, at *3 (D.N.J. July 21, 2016); Maliandi v. Montclair State Univ., 845 F.3d 77, 89 n.10 (3d Cir. 2016). Here, jurisdiction depends on Petitioner's ability to bring his Davis claim under § 2255. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) ("Our Circuit permits access to § 2241 when …" the prisoner is "barred from challenging the legality of the conviction under §2255.") Therefore, it is appropriate, in determining jurisdiction, for the Court to consider the filings from Petitioner's criminal conviction and sentence in the Eastern District of Wisconsin and the Seventh Circuit Court of Appeals.

In 1948, Congress enacted 28 U.S.C. § 2255 to replace traditional habeas corpus under 28 U.S.C. § 2241 with a process that allowed a prisoner to file a motion in the sentencing court on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Bruce, 868 F.3d at 178. A federal prisoner's collateral review of his conviction must be brought in the sentencing court under § 2255 unless he can show that the remedy is inadequate or ineffective to test the legality of his conviction. Id.

When Congress added limitations to § 2255 in 1996, including requiring permission from the appropriate Circuit Court of Appeals to file a second or successive motion under § 2255, the savings clause of § 2255(e) was untouched. Id. at 179. Thus, the Third

7

Circuit held that in the unusual situation where an intervening change in *statutory* interpretation [by the Supreme Court] runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review, he may seek another round of post-conviction review under § 2241. Bruce, 868 F.3d at 179 (emphasis added) (quoting In re Dorsainvil, 119 F.3d at 251).

The jurisdictional analysis involves two steps. The first step is whether there is "a change in statutory caselaw that applies retroactively in cases on collateral review." Id. at 180 (quoting U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252)). Second, "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Id. In other words, "the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.'" Id. (quoting Dorsainvil, 119 F.3d at 251.)) The Government concedes that Davis states a retroactive change in constitutional law governing 18 U.S.C. § 924(c)(1). (Respt's Brief in Supp. of Mot. to Dismiss, Dkt No. 6-2 at 10.) Only the second step of the jurisdictional analysis is at issue here.

B. Analysis

The savings clause of 28 U.S.C. § 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(h)(2) provides:

> (h) A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The Supreme Court decision in Davis announced a new rule of *constitutional* law when it held the residual clause of § 924(c)(3)(B) unconstitutionally vague. See e.g. See e.g. In re Matthews, 934 F.3d 296, 301, 301 n.3 (3d Cir. 2019). Therefore, § 2255 is not inadequate or ineffective for Petitioner to test the legality of his detention because Petitioner has an avenue to proceed in his sentencing court, with permission from the appropriate Court of Appeals under 28 U.S.C. § 2255(h)(2). It is therefore in the interests of justice for this Court, pursuant to 28 U.S.C. § 1631, to transfer the petition to the Seventh Circuit Court of Appeals for consideration under 28 U.S.C. § 2255(h)(2).

III. PETITIONER'S MOTION TO OVERTURN DHO FINDING

On August 24, 2020, Petitioner filed a motion to overturn DHO finding in this action. (Dkt. No. 9.) This motion is unrelated to the present petition and should be filed as a separate petition for writ of habeas corpus under 28 U.S.C. § 2241. See R. Governing § 2254 CASES, R. 2(e) ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court."); see also R. Governing § 2254 Cases, R. 1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

The Court will direct the Clerk to file the motion as a petition for writ of habeas corpus in a new civil action. The Court will also direct the Clerk to administratively terminate the new action, subject to reopening if Petitioner pays the $5 filing fee or submits an application to proceed *in forma pauperis* under 28 U.S.C. 1915 within 30 days from the date of this Order. The Court notes that the writing in Petitioner's motion is not dark enough to be fully legible. (Dkt. No. 9.) Therefore, Petitioner may wish to file a new petition, together with his filing fee or IFP application, in the new civil action.

IV. CONCLUSION

For the reasons set forth above, the Court will grant Respondent's motion to dismiss (Dkt. No. 6) and transfer the petition for writ of habeas corpus to the Seventh Circuit Court of

10

Appeals for consideration under 28 U.S.C. § 2255(h)(2), deny Petitioner's motion to compel (Dkt. No. 7) and direct the Clerk to file Petitioner's motion to overturn DHO finding (Dkt. No. 9) in a new civil action.

An appropriate Order follows.

Dated: **September 9, 2020**

                                               s/Renée Marie Bumb
                                               **RENÉE MARIE BUMB**
                                               **UNITED STATES DISTRICT JUDGE**